IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> MPC Computers, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-12667 (PJW) <br><br> (Jointly Administered) |
| MPC Computers, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Quanta Service Nashville, LLC, <br><br> Defendant. | Adv. Pro. No. 10-_____ (PJW) |

## COMPLAINT

The above-captioned debtors and debtors in possession (the "Debtors" or "Plaintiffs"), by and through their undersigned counsel, file this Complaint (the "Complaint") against Quanta Service Nashville, LLC (the "Defendant"), and allege as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is a core matter under 28 U.S.C. § 157(b)(2)(A), (F) and (O).

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are MPC Computers, LLC (6916); MPC Corporation (7562); GTG PC Holdings, LLC (6899); MPC-G, LLC (8015); MPC Solutions Sales, LLC (0213); MPC-Pro, LLC (3132); Gateway Companies, Inc. (1398); Gateway Pro Partners, LLC (9747); and Gateway Professional, LLC (8881).

## THE PARTIES

4. The Debtors' primary business was providing PC-based products and services to mid-sized businesses, government agencies and educational organizations.

5. On November 6, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage their property as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. Defendant is a corporation or other legal entity who transacted business with the Debtors prior to the Petition Date.

## COUNT I: BREACH OF CONTRACT

7. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 6 above as if fully set forth herein.

8. Prior to the Petition Date, the Defendant offered to purchase goods and/or services from one or more of the Plaintiffs by, *inter alia*, a contract or by submitting purchase orders (collectively, the "POs" and each a "PO") to the Plaintiffs.

9. Upon receipt of the POs from the Defendant, the Plaintiffs accepted each PO by, *inter alia*, shipping the ordered goods (the "Goods") in accordance with the Defendant's delivery instructions and/or performing the requested services and issuing invoices (collectively, the "Invoices" and each an "Invoice") to the Defendant.

10. Each of the contracts or the Defendant's POs, together with its corresponding Invoice, constitutes a contract for the sale of goods and/or services (collectively, the "Contracts" and each a "Contract"). The Contracts are summarized, by reference to, *inter alia*, Invoice number and Invoice date, in Exhibit A hereto.

2

11. The POs and Invoices recite the quantity term applicable to each Contract for the sale of Goods.

12. Unless otherwise agreed to by the Plaintiffs, the terms of the parties' Contracts are governed by the standard "Terms and Conditions of Sale" set forth in each of the Invoices.

13. Each of the Invoices provides, *inter alia*, that

> [Defendant] shall pay [Plaintiffs] for all charges listed on [Plaintiffs'] invoice, including all shipping and handling charges. Unless otherwise stated on the face hereof, all payments shall be due upon receipt of invoice. On any amounts not paid when due, [Defendant] agree[s] to pay interest at the rate of [1.5%] per month (18% per year) . . . . In addition, [Defendant] agree[s] to pay all costs of collection, including costs of litigation and reasonable attorney's fees.

14. The Defendant never notified the Plaintiffs of any objection to the "Terms and Conditions of Sale" set forth in the Invoices.

15. With respect to each Contract, Plaintiffs shipped the ordered Goods in accordance with Defendant's shipment instructions and the Goods were received and accepted by Defendant. With respect to each Contract, any ordered services were performed.

16. With respect to each Contract, the amounts owed by Defendant are past due.

17. With respect to each Contract, Defendant has failed to pay any of the charges listed on Plaintiffs' Invoices. As summarized in <u>Exhibit A</u> hereto, the total amount owed by Defendant, as set forth on the Invoices, is $9,642.53.

18. As a result of Defendant's failure to pay these past-due amounts owed to the Plaintiffs, interest has accrued and continues to accrue on these amounts at the default rate of 18% per annum.

19. The Plaintiffs have incurred and continue to incur attorneys' fees and related costs associated with the collection of the past-due amounts owed by Defendant to Plaintiffs under the Contracts.

20.     Plaintiffs have made several requests to Defendant for payment of the past-due amounts and charges.  Such requests have proved unsuccessful.

21.     Defendant has breached its obligations under the Contracts by, *inter alia*, failing to make timely payment for Goods shipped by Plaintiffs and accepted and received.

22.     As a result of Defendant's breach of the Contracts, Plaintiffs have suffered damages amounting to $9,642.53, together with all interest accruing on unpaid amounts at 18% per annum and all attorneys' fees and other costs of collection.

## COUNT II: UNJUST ENRICHMENT

23.     Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 22 above as if fully set forth herein.

24.     Plaintiffs provided Goods and/or services to Defendant with an expectation that Defendant would pay for those Goods and/or services and under circumstances which should have put Defendant on notice that Plaintiffs expected to be paid for such Goods and/or services.

25.     In order to prevent Defendant from being unjustly enriched, Defendant is liable to Plaintiffs for the full value of the Goods and/or services set forth in the Invoices.

## COUNT III: AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C § 547(b)

26.     Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 through 25 above as if fully set forth herein.

27.     On or within ninety (90) days prior to the Petition Date (the "Preference Period"), one or more of the Plaintiffs made certain transfers of an interest in property of one or more Plaintiffs (the "Transfers") to or for the benefit of the Defendant, as identified with certain invoices being paid thereby on Exhibit B hereto.  The Transfers include those transfers listed on

<u>Exhibit B</u>, together with all other transfers of an interest in property of one or more of the Plaintiffs made to the Defendant during the Preference Period.

28. At all relevant times, Defendant was a creditor of one or more of the Plaintiffs within the meaning of Sections 101(10)(A) and 547(b)(1) of the Bankruptcy Code.

29. The Transfers were made to or for the benefit of the Defendant.

30. The Transfers were each made for or on account of an antecedent debt owed by the Plaintiffs to the Defendant before such transfers were made.

31. The Transfers were made while the Plaintiffs were insolvent. Plaintiffs were insolvent under Sections 101(32)(A) and 547(b)(3) of the Bankruptcy Code at all relevant times because the sum of their debts, collectively and individually, were greater than all of their property, at a fair evaluation, during the Preference Period.

32. The Transfers enabled Defendant to receive more than Defendant would have received if: (i) the Plaintiffs' cases were cases under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

33. Based on the foregoing, the Transfers are avoidable preferences pursuant to Section 547(b) of the Bankruptcy Code.

**COUNT IV: RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C § 550**

34. Plaintiffs hereby incorporate the allegations in Paragraphs 1 through 33 as if fully set forth herein.

35. Defendant was the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or the immediate or mediate transferee of the initial transferee of the Transfers.

36. Accordingly, Plaintiffs are entitled to recover the Transfers from Defendant for the benefit of their estates pursuant to Section 550(a) of the Bankruptcy Code to the extent that such Transfers are avoided under Count III herein.

## COUNT V: DISALLOWANCE OF CLAIMS

37. Plaintiffs hereby incorporate the allegations in Paragraphs 1 through 36 as if fully set forth herein.

38. The Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code and is a transferee of Transfers avoidable under Section 547 of the Bankruptcy Code.

39. The Defendant has not paid the amount, or turned over such property, for which Defendant is liable under Section 550 of the Bankruptcy Code.

40. To the extent that Defendant currently possesses filed or scheduled claims against the Debtors, whether pre-petition or administrative (collectively, the "Claims"), the Claims should be disallowed pursuant to Section 502(d) of the Bankruptcy Code until the Transfers are repaid in full to Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray for the following relief:

   a. On Counts I and II, entry of judgment against Defendant and for Plaintiffs for the sum of $9,642.53, plus additional interest accruing on the past-due amounts at the rate of 18% per annum, plus reasonable attorney's fees, the costs of this action, and other costs which Plaintiffs have incurred in collection of the amounts owed to Plaintiffs under the Contracts;

   b. On Count III, entry of judgment against Defendant and for Plaintiffs avoiding the Transfers pursuant to 11 U.S.C. § 547(b);

  c. On Count IV, entry of judgment against Defendant and for Plaintiffs in the amount of $2,022,738.85, pursuant to 11 U.S.C. § 550(a);

  d. On Count V, disallowance of the Claims until the Transfers are repaid to the Plaintiffs, pursuant to 11 U.S.C. § 502(d); and

  e. Such other and further relief as the court deems just and proper.

Dated: November 5, 2010
   Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_/s/ Richard S. Cobb_
Richard S. Cobb (No. 3157)
James S. Green, Jr. (No. 4406)
J. Landon Ellis (No. 4852)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Counsel for Plaintiffs