UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>MPC Computers, LLC et al.,<br><br>        Debtors. | Chapter 11<br><br>Case No. 08-12667 (PJW)<br>(Jointly Administer) |
| MPC Computers, LLC, et al.,<br><br>        Plaintiffs,<br>v.<br><br>Quanta Service Nashville LLC,<br><br>        Defendant. | Adversary No. 10-54684-PJW |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Quanta Service Nashville LLC. ("Defendant"), by and through its attorneys,

answers the Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.    Admits.

2.    Admits.

3.    Admits.

## THE PARTIES

4.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 4 of the Complaint and therefore denies the allegations in

the paragraph.

5.    Admits.

6.    Admits.

40000/0600-7296994v1

## COUNT I:  BREACH OF CONTRACT

7.    Defendant realleges and incorporates its response to the paragraphs above as though set forth in full herein.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies the allegations in the paragraph.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies the allegations in the paragraph.

10.    Denies.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore denies the allegations in the paragraph.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies the allegations in the paragraph.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies the allegations in the paragraph.

14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies the allegations in the paragraph.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and therefore denies the allegations in the paragraph.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the allegations in the paragraph.

17.     Defendant denies any amount is owed to Plaintiffs.  As to the other allegations in paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the allegations in the paragraph.

18.     Denies.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies the allegations in the paragraph.

20.     Denies.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies the allegations in the paragraph..

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and therefore denies the allegations in the paragraph.

## COUNT II:  UNJUST ENRICHMENT

23.     Defendant realleges and incorporates its response to the paragraphs above as though set forth in full herein.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies the allegations in the paragraph.

25.     Denies.

**COUNT III:  AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)**

26.    Defendant realleges and incorporates its response to the paragraphs above as though set forth in full herein.

27.    Defendant admits that it received payments from one or more of the Debtors within ninety (90) days prior to the petition date, but is still investigating the amounts, nature, and source(s) of those payments.  Therefore, except as otherwise admitted herein, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies those allegations in the paragraph.

28.    Admits.

29.    To the extent Defendant has received any of the Transfers specifically referenced in the Complaint, Defendant admits that such transfers would have been made for or on account of its benefit.  However, Defendant is still investigating the amounts, nature, and source(s) of those payments.  Therefore, except as otherwise admitted in this paragraph, it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies those allegations.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies those allegations in the paragraph.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies those allegations in the paragraph.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies the allegations in the paragraph.

33.    Denies.

## COUNT IV: RECOVERY OF AVOIDED TRANSFER UNDER 11 U.S.C. § 550

34. Defendant realleges and incorporates its response to the paragraphs above as though set forth in full herein.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies the allegations in the paragraph.

36. Denies.

## CLAIM V:  DISALLOWANCE OF CLAIMS

37. Defendant realleges and incorporates its response to the paragraphs above as though set forth in full herein.

38. Denies.

39. Denies.

40. Denies.

## FIRST AFFIRMATIVE DEFENSE

41. As an affirmative defense against all claims for relief, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

42. As an affirmative defense against all claims for relief, Defendant alleges that some or all of the claims have been released against Defendant.

## THIRD AFFIRMATIVE DEFENSE

43. As an affirmative defense against all claims for relief, Defendant alleges that some or all of the claims have been waived against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

44. As an affirmative defense against all claims for relief, Debtor has acted with unclean hands regarding the Transfers alleged in the Complaint and Plaintiff is barred from recovering any amounts paid to Defendant.

## FIFTH AFFIRMATIVE DEFENSE

45.    As an affirmative defense against all claims for relief, some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

46.    As an affirmative defense against all claims for relief, without admitting any allegations of the Complaint which are denied in this Answer,  Defendant is entitled to a setoff and/or recoupment with respect to goods and services delivered by Defendant for the benefit of Debtor before the Petition Date for which Defendant has not been paid.

## SEVENTH AFFIRMATIVE DEFENSE

47.    As an affirmative defense against the third and fourth claims for relief, Defendant asserts that, pursuant to 11 U.S.C. § 547(c)(2), Plaintiff may not avoid a transfer made in the ordinary course of business of the debtor and defendant.  The Transfers made to Defendant by Debtors were in the ordinary course of business and/or according to ordinary business terms and are not avoidable.

## EIGHTH AFFIRMATIVE DEFENSE

48.    As an affirmative defense against the third and fourth claims for relief, Defendant asserts that, pursuant to 11 U.S.C. § 547(c)(4), Plaintiff may not avoid a transfer to the extent the creditor gave new value to or for the benefit of the debtor after said transfer.  The Defendant gave new value to Debtors after the Transfers were made and the Transfers are not avoidable.

## NINTH AFFIRMATIVE DEFENSE

49.    As an affirmative defense against the third and fourth claims for relief, pursuant to 11 U.S.C. § 547(c)(1), Plaintiff may not avoid a transfer to the extent the transfer was intended as an contemporaneous exchange for new value to the debtor and was in fact a substantially contemporaneous exchange.  The Transfers Debtors made to Defendant were intended as contemporaneous exchanges for new value to Debtors and were substantially contemporaneous exchanges and the Transfers are not avoidable.

## TENTH AFFIRMATIVE DEFENSE

50.    As an affirmative defense against the third and fourth claims for relief, Plaintiff may not avoid a transfer to the extent that such transfer was earmarked for the benefit of the Defendant and is therefore not property of the estate.

WHEREFORE, Defendant prays that judgment be entered in its favor and against Plaintiffs, that it be awarded its costs of suit and attorneys' fees to the extent permitted by law, and for such other relief as this Court deems just and fair.

Dated: January 10, 2011
       Wilmington, Delaware

Respectfully submitted,

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

-and-

WINSTON & STRAWN LLP
Randy Rogers
Brian Y. Lee
101 California Street
San Francisco, California  94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Quanta Service Nashville
LLC

SF 299937v1